UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-CV-80203-ROSENBERG/HOPKINS

TRIAXX ASSET MANAGEMENT LLC,
TRIAXX PRIME CDO 2006-1, LTD,
TRIAXX PRIME CDO 2006-2, LTD, and
TRIAXX PRIME CDO 2007-1, LTD,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## AND DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim. DE 62. The Court has carefully considered all relevant filings in this case and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Dismiss is granted and this case is dismissed with prejudice.

### I. BACKGROUND

Magistrate Judge Hopkins set forth the background of this case in the Report and Recommendation on Defendant's prior motion to dismiss as follows:

> This case centers on residential mortgage-backed securities ("RMBS"), a type of asset-backed security where the asset is a pool of residential mortgage loans that are held in trust. (DE 1 at ¶¶ 14-17). By purchasing RMBS, sometimes referred to as certificates, the investor, or holder, acquires rights to money flowing from the pool of mortgages held by the trust, which comes from borrower payments of principal and interest on the mortgage loans. (*Id.* at ¶¶ 14, 17). Plaintiffs Triaxx Prime CDO 2006-1, Ltd. ("CDO 2006-1"), Triaxx Prime CDO

> 2006-2, Ltd. ("CDO 2006-2"), and Triaxx Prime CDO 2007-1, Ltd. ("CDO 2007-1") (collectively, "Plaintiffs") file suit as the holders of RMBS in eight mortgage-backed securitization trusts ("Trusts") against the servicer of those Trusts, Defendant Ocwen Loan Servicing, LLC ("Defendant"). (DE 1 at ¶¶ 1); (DE 1-3).
>
> Plaintiffs are three issuers of Collateralized Debt Obligations ("CDO"). (DE 42 at 6). "A CDO issuer is an investment vehicle that bundles a variety of revenue-generating assets (the 'collateral' or 'underlying assets') and then sells pieces of the expected revenue to investors in the form of debt and equity securities (the CDO securities)." *Triaxx Prime CDO 2006-1, Ltd. v. Bank of New York Mellon*, No. 16 CIV. 1597 (NRB), 2017 WL 1103033, at *1 (S.D.N.Y. Mar. 21, 2017) [hereinafter *Triaxx SDNY*] (quotation omitted). The underlying assets of the three CDOs include the RMBS acquired by Plaintiffs. (DE 42 at 6).
>
> There are two sets of documents relevant to this action: those governing the CDOs and their underlying assets – which include the RMBS – and those governing the Trusts and their underlying assets – the pool of residential mortgage loans.
>
> Each CDO is governed by an Indenture Agreement ("Indenture") and a Collateral Management Agreement ("CMA"). (DE 42 at 6). The parties to each Indenture are the issuer (Plaintiff), co-issuer, and trustee of the CDO. (DE 42-5, -6, -7). The trustee for all three CDOs is U.S. Bank National Association ("Indenture Trustee"), a non-party. (DE 42-1 at 2). The parties to each CMA are the issuer (Plaintiff) and the collateral manager. (DE 42-2, -3, -4). The collateral manager for all three CDOs is Triaxx Asset Management, LLC, . . . ("Collateral Manager"). (DE 42-1 at 1).
>
> Each Trust is governed by a Pooling and Servicing Agreement ("PSA"), which details, *inter alia*, the duties of the trustee and the servicer – two of the parties to each PSA. (DE 1 at ¶ 22). Generally speaking, the trustee's role is to hold the income generated from the underlying mortgage loans for the benefit of the RMBS holders while the servicer is tasked with managing the underlying mortgage loans and collecting the borrower's payments of principal and interest. (*Id.* at ¶ 17, 18). Defendant is the servicer or master servicer for each of the eight Trusts. (*Id.* at ¶ 8).

DE 54 at 1–3 (footnotes omitted).

In the initial Complaint, CDO 2006-1, CDO 2006-2, and CDO 2007-1 alleged breach of contract against Defendant Ocwen. DE 1. Defendant moved to dismiss the Complaint, alleging that the Plaintiff CDOs lacked standing to bring the contract claim because they had assigned all of their interest in the underlying asset to the Indenture Trustee. DE 34. Judge Hopkins issued a Report and Recommendation recommending that the motion to dismiss be granted. DE 54. This Court adopted his Report and Recommendation and dismissed the Complaint. DE 60.

Plaintiffs have now filed an Amended Complaint. DE 61. The Amended Complaint adds the Collateral Manager, Triaxx Asset Management, as a plaintiff. Plaintiffs also brings two tort claims for breach of duty to avoid conflicts of interest and breach of duty to act with due care. *Id.* ¶¶ 159–69. Defendant has now moved to dismiss arguing that Plaintiffs lack standing to bring these claims. DE 62.

## II. STANDING

"Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it is brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1)." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.8 (11th Cir. 1993). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1232–33. "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233. When the attack is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation omitted). Defendant moves to dismiss the Amended Complaint by factual attack.

### a. Contract Claim (Count One)

As this Court previously found, the Plaintiff CDOs lack standing to bring a breach of

contract claim against Defendant Ocwen. Judge Hopkins's Report and Recommendation, which this Court adopted, found that the Plaintiff CDOs lacked standing because they unequivocally and completely assigned their rights in certain collateral to the Indenture Trustee in the Indenture. DE 54 at 4–5. Thus, under New York law, the Plaintiff CDOs lacked standing to sue. Pursuant to the Report and Recommendation, the Plaintiff CDOs do not have standing to bring the a claim for breach of contract against Defendant Ocwen.

Plaintiff TAM similarly does not have standing to bring a breach of contract claim against Defendant Ocwen. Plaintiff alleges that TAM has standing to sue Ocwen for breach of contract pursuant to Section 2(d)(xi) of the CMA which states that "[t]he Collateral Manager shall, subject to and in accordance with the Indenture and this Agreement, . . . exercise any rights or remedies with respect to such Collateral Debt Security, Equity Security or Eligible Investment as provided in the Underlying Instruments or take any other action consistent with the terms of the Indenture." DE 34-8 at 5; DE 63 at 7–8. Defendant responds that "both this Court and the S.D.N.Y. have already held that Section 2(d)(xi) does not confer such standing on TAM." DE 64 at 5.

The Court agrees with Judge Hopkins and the opinion in *Triaxx S.D.N.Y.* in finding that the CMA does not alter the determination that the CDOs completely assigned their rights to the Indenture Trustee in the Indenture and, thus, the CMA could not confer standing on TAM. In *Triaxx S.D.N.Y.*, the Court found that "the Collateral Management Agreements do not alter the analysis. The Collateral Manager as the CDO Issuers' agent has rights no greater than its principals. Indeed, the provision on which the plaintiffs rely are expressly 'subject to . . . the Indenture," which assigned all right, title, and interest in the Issuers' property to the CDO Indenture Trustee." 2017 WL 1103033 at *4. Thus, the Plaintiff CDOs could not have given

4

TAM a right that the Plaintiff CDOs did not have and Plaintiff TAM does not have standing to bring a claim for breach of contract.

### b. Tort Claims (Counts Two and Three)

The Amended Complaint alleges two tort claims against Ocwen: one claim of breach of duty to avoid conflicts of interest (Count II) and one claim of breach of duty to act with due care (Count III). In their Amended Complaint, Plaintiffs state that "Ocwen's breaches of this duty to avoid conflicts of interest have materially and adversely affected the interest of the [RMBS] Certificateholders," DE 61 ¶ 163, and that "Ocwen's breaches [of the duty of care] have materially and adversely affected the interests of the Certificateholders," *id.* at ¶ 168.

Federal courts are courts of limited jurisdiction and may only hear cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing has three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61 (citations omitted).

Plaintiffs have failed to sufficiently allege that they suffered an injury in fact. In the Amended Complaint, Plaintiffs allege that Ocwen's breaches of the duty to avoid conflicts of interest and the duty of care have injured Certificateholders. DE 61 ¶¶ 163, 168. None of the Plaintiffs, however, were the Certificateholders when the Defendants allegedly negligent conduct occurred. The Indenture determines who holds the RMBS certificates. The Indenture transferred the CDOs' property to the CDO Trustee in 2006 and 2007. *See* DE 34-2; 34-3; 34-4 ("The Issuer

5

hereby Grants to the Trustee . . . all of its rights, title and interest in, to and under, in each case, whether now owned or existing, or hereafter acquired or assign [all property] other than Excepted Property."). The Amended Complaint alleges that Ocwen acted negligently in 2013, 2014, and 2015. *See* DE 61 ¶¶ 83, 88, 93, 100, 105–06. Thus, at the time of the alleged negligence, the Plaintiff CDOs had already granted all of their property interests to the Trustee. The Plaintiff CDOs did not suffer any injury caused by Ocwen's alleged negligence and they do not have standing to bring these claims against Ocwen.

Similarly, Plaintiff TAM was not a Certificateholder at the time of Ocwen's alleged negligence and thus does not have standing to bring a claim for an injury to Certificateholders. Plaintiffs argue that TAM was injured because "TAM relies on the collateral impaired by Ocwen's misconduct for payment and thus is injured by that misconduct." DE 63 n.3. The Amended Complaint, however, does not seek redress for this injury; rather it seeks a remedy for the injuries to the Certificateholders. *See* DE 61 ¶¶ 163, 168. Because the Amended Complaint only alleges injury to the Certificateholders and TAM never was a Certificateholder, TAM lacks standing to sue for these alleged injuries.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim [DE 62] is **GRANTED**;

2. Because Plaintiffs were already given an opportunity to amend and further amendment would be futile, Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**;

3. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 23rd day of January, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF